Judge Tucker.
By an act of Assembly passed in the year 1796, c. 31. the Mayor and Commonalty of the town of Alexandria are authorized to recover of any person holding lands within the limits of the said town, and who have no other property therein on which the taxes or assessments imposed on such property fir paving the streets therein can be levied, the amount of such taxes or assessments by motion in the Court of the County or Corporation, where such persons reside. Under this act a motion was made in the Court of Fauquier County, against the appellee, George Chapman, ct for a judgment against him for the sum of 66/. 17s. being “ the amount of the assessment imposed on his property in “ the town of Alexandria, fir paving the streets ^of the said *273 ^ t' ? t • *i . (* .. jl. .
60/. 175. being the amount oi assessments imposed ** on me “ defendant’s property in the town of Alexandria, for paving “ the streets in the said town, and for the town tax on “ costs.” The District Court reversed the judgment and the Mayor, he. appealed. said property for the years 1799, 1800, and 1801 with
There can be no doubt, I think, that this judgment of the County Court was erroneous; because the act above mentioned does not authorize a judgment against a person having property in the town of Alexandria, and residing out of its jurisdiction, for any tax, or assessment whatsoever, except for Paving the streets. Upon this ground, therefore, I think the judgment of the District Court must be affirmed, so far as relates to the reverla: of that of the County Court.
The defence set up was, that Chapman had four slaves in Alexandria, three of which were hired by the year, (Tot specifying to whom,) and the fourth was permitted to hire himself and that those slaves, at the time of the taxes becoming due, and from thw time to the present, were resident in the town of Alexandria, and in the power of the Serjeant of the said town; but it was not proved that it was known to him that they were there.
With respect to this point, it is generally true, that, where any person wishes to avail himself of any special act of the I, gislature, in his favour, he must shew his case to be completely within the provisions of the act; but in this case, the defence set up is of such a nature as might well have been unknown to the plaintiffs, and perhaps the facts thus alleged in the defence, might have been carefully concealed by the defendant’s own conduct, with a view to protect his negroes from being distrained for his taxes. I am inclined to think, that, under such circumstances, the plaintiffs ought not to be barred of this remedy, without actual notice of the residence *274 of the negroes in Alexandria, being proved; or such ciiv cumstances of notoriety appearing as might create a presumption that the fact of their residence might have been 1 ° known to the plaintiffs.
-p0 the bill of exceptions an account stated is annexed, in. which there are charges to the amount of 60/. 17s. for what I presume must be deemed paving the streets; which is admitted by Chapman’s attorney to have been supported by proper vouchers. A separate charge for the town tax amounts to 61. and that sum appears to have been deducted from the whole account which was 66/. 17s. as in the notice mentioned. Although I have li.tle doubt that the manner of entering up the judgment, viz. for the town tax as well as-the tax for pavmg the streets, was the blunder of the Clerk, since the judgment is rendered for the precise sum demanded for paving the streets, yet I presume we must take the judgment as we find it; and, in its present-form, it is clearly erroneous. But I think sufficient appears from the bill of exceptions to enable us to correct it in this particular, and enter it for paving the streets only j which is all the law allows.
As to the objection that the act of Assembly ought to have been set myth as a part of the evidence before the Court; and that the word A ll, at the end of the bill of exceptions, exclud s the presumption that the Court had it before them, I am not fond of indulgí g such exceptions. It might have been given in evidence, or it might have been shewn to the Court as the ground of jurisdiction. If an exception was meant to be taken on that ground, I think the defendant should have pleaded to the jurisdiction. He confessed the notice, without doing so, and I think he ought to be held tq his im led dmissh n.
Upon the whole, as I am clearly of opinion the judgment pf the County Court, in the form in which it appears, is erroneous, and, as there is a difference of opinion on the other points, I am satisfied with affirming the judgment of the District Court, reversing that of the" County Court,.
*275 Judge lío Ato;.
It is unnecessary to decide the question Whether the Act o! 1796 should of necessity have been given in evidence on the trial. Whatever my impressions may be on this point, as derived from the English doctrine, from .* . . 6 . • . the provision of our statute in relation to giving private acts in evidence, and from the practice of this country in relation to the findings in special verdicts, th< qiuadonis important, and may pqssihly be influenced by some circumstances in this country not existing in England. 1 will therefore leave it entirely open, and have really no conclusive opinion upon it.
As for the act of 1796, it only warrants a judgment for the amount of moneys due for paving the streets, and then only when the person moved against hath no property other than real within the limits of the town of Alexandria, on which the amount of the assessment can be levied. Besides, a judgment under the act can only be rendered by the Court of the County where the defendant resides. On all these important grounds the judgment before us seems defective. For, 1st. The judgment is not only for such assessment, but also “for the taxes of the town.” When I see that the amount of the judgment rendered is short of that stated in the notice, by exactly the amount of the items for “ town “ taxes” mentioned in the account exhibited at the trial, it is highly probabl- that those items were disallowed, andjudg* ment in fact rendered only for the money due for paving ; but, on the other hand, this may not have been the case ; and as the judgment itself says otherwise, I do not hold myself at liberty to conclude that the judgment in this particular is unobjectionable.
As to the 2d ground, it does not appear to Us that the case has happened which w ould authorize a procedure under the act. On the contrary, the defendant proved that he had other property residing within the town, and, as I understand it, of value sufficient to satisfy the sum due for paving: as to its being necessary for the defendant to give notice to the Serjeant of the existence of this last fact, the law does *276 not require it, and I shall not add to or alter the law to favour tnis summary proceeding.
As to the 3d point, there is only one Court in the Commonwealth which is authorized to give ajudgment under the Act, and that is the Court of the County in which the defendant resides. It ought to appear to us, by stating or shewing the fact of the residence, that the Court which rendered the judgment had cognisance of the case. I can presume nothing to support a summary judgment.
These ideas have resulted, as well from my own deliberate judgment in the case, as from the spirit of decisions in this Court in relation to summary proceedings. I shall not quote those decisions very particularly, but refer generally, (as at present recollected,) to the cases of Asberry and Calloway,(a) Anderson v. Bernard,(b) Marlin v. Beverley,(c) and Stuart v. Hamilton.(d)
On the whole, my opinion is to affirm the judgment of the District Court, reversing that of the County Court of Fauquier.
Williams moved that the judgment of affirmance should be rendered without prejudice. He was apprehensive the affirmance of that judgment (which was “ that the “ plaintiffs take nothing by their motion”) would be a perpetual bar.
Judge Tucker
was opposed to making any special entry. If this judgment should be pleaded in bar, a replication, shewing that the original judgment of Fauquier was reversed, would certainly be sufficient to prevent the bar.
Judge Roane
said it was usual, in reversing judgments, to assign reasons, but not in ajfinning. He could see no necessity for changing the rule in this case ; nor could he apprehend the consequences stated by Mr. Williams. This Court cannot be presumed to know any thing of the state of accounts, but to have decided upon the matters of lazo, as *277 the District Court did. He should regret that a construetion should be put upon the judgment of this Court which would prevent the Mayor, &c. of Alexandria, from endeavouring to get their money by pursuing a proper course. w But he could not think that would be the case-he presumed, the case would be reported, and the opinions of the Judges upon this point stated.

 1 Wash. 72.

 Ibid. 186.

 Call’s MS spring term, 186.

 2 Hen. & Munf. 48.